### GILES ALEXANDER *versus* JOHN GOULD.

Although a deed be fraudulent as to creditors, yet it cannot be avoided by a creditor the *consideration* of whose claim is *illegal.*

THIS was a *real action,* in which *Alexander* demanded divers parcels of land. He declared upon his own seisin within 30 years, and the disseisin of the *tenant* within that time.

The *tenant* pleaded the general issue, viz. "that he did not disseise the said *A.* in manner and form, &c."

The demandant relied on a judgment recovered by him against one *Linnell* for $1132 13 cents, upon which an execution issued, and was levied upon the lands October 2, 1800, and registered the 15th day of the same month.

The *tenant* claimed title to the demanded premises by virtue of a deed to himself from said *Linnell,* dated November 3, 1798, acknowledged the 26th and registered the 17th of the same

[ * 166 ] November, by which * deed, *Linnell,* in consideration of $3000 therein expressed to be paid to him by *Gould,* "bargained, sold, &c., to him in fee, all and every part and parcel of his, the said *Linnell's,* real estate lying in *Orleans, Harwich,* and *Eastham,* in the county of *Barnstable,* consisting of cleared land, wood land, meadow · and swamp, with all the buildings thereon standing, and all the privileges and appurtenances thereto belonging." One of the subscribing witnesses to the deed, being the justice before whom the same was acknowledged, was called by the counsel for *Gould;* and he testified that he saw *Linnell* sign and seal the deed, *Gould* not being present at the time ; that a few days afterwards, and after the deed was registered, he saw *Linnell* deliver the deed to *Gould,* who then paid about 500 dollars in money to *Linnell,* and made a note to him, the sum of which the witness did not recollect : at that time, *Gould* produced an account against *Linnell* for maintaining and supporting his family, (*Gould* being the father-in-law of *Linnell,*) amounting to about 850 dollars, which was then discharged by *Gould ;* that some time after the last transactions took place, he saw *Gould* pay *Linnell* a further sum of 200 dollars.

It was contended by the counsel for the demandant that the deed was fraudulent against creditors ; and having proved that the note, upon which the judgment was recovered, was made previous to the deed, viz., on the second day of October, 1798, for $1000, payable to one *Osmer,* (the clerk of the plaintiff,) or his order, on demand, and by *Osmer* endorsed to the plaintiff, the counsel offered to prove

126

the declarations of *Linnell*, made by him when he was carrying the deed to the office to be registered, as evidence of its being fraudulent.

This was objected to, because *Gould* was not present at the time the declarations of *Linnell* were said to have been made.

*It was insisted in reply, that, where color is given, [ * 167 ] and the circumstances are strong against the *grantee*, the rule is to admit evidence of the conduct and declarations of the *grantor* to prove the fraud, whether the *grantee* be present or not; that, in this case, the deed itself carried with it the strongest evidence of fraud; it was a general sweeping conveyance of all the grantor's real estate in three different towns, without particularizing or describing a single parcel.

But the Court (*Strong, Sedgwick,* and *Thacher,* justices) ruled that the evidence was inadmissible. SEDGWICK, J., said the circumstances did not, *as yet,* appear to be strong enough.

The counsel for *Gould,* to shorten the case, immediately gave in evidence the declarations of the demandant, by which it clearly appeared that the *note* itself had been given to *Osmer,* and endorsed to *Alexander,* upon a corrupt agreement, between *Alexander* and *Linnell,* respecting false testimony given, or to have been given, in a court of justice. Upon which, the Court said that it was of no consequence, in the present case, whether the deed be fraudulent or not; that the demandant ought to come into Court with clean hands; but coming as he does, it is impossible for him to maintain the action.

*Demandant nonsuited.*

B. *Whitman* for the demandant.
*Sproat* for the tenant.